UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEORGE DAVIS,

                Plaintiff,          Case No. 2:13-cv-253

v.                                            Honorable R. Allan Edgar

MICHIGAN DEPARTMENT OF
CORRECTIONS BUREAU OF
HEALTH CARE SERVICES et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against the following named Defendants: Berhane; Larsen; Kimsel; McTier; Car; Carsen; Berges; Scott; Kurtcher; Kurth; Palomola; Parala; Lamb; and the MDOC Bureau of Health

Care Services. The Court will also dismiss Plaintiff's complaint against John/Jane Doe #1 and John/Jane Doe #2 without prejudice.

## Factual Allegations

Plaintiff presently is incarcerated in the Chippewa Correctional Facility, but the events giving rise to his complaint occurred at the Alger Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections (MDOC) Bureau of Health Care Services, along with the following Alger employees: Warden Catherine Bauman; Dr. (Unknown) Berhane; Nurses Peggy Larsen, (Unknown) Kimsel, (Unknown) McTier, (Unknown) Car, (Unknown) Carsen, (Unknown) Berges, (Unknown) Scott, and (Unknown) Kurtcher; Corrections Officers D. Kurth, T. Palomola and (Unknown) Parala; Patricia Lamb; Physician John/Jane Doe #1; and Physician's Assistant John/Jane Doe #2.

Plaintiff claims that he suffers acute pain resulting from long-term injuries that require treatment with prescription pain medication. He contends that "defendant(s), individually and/or collectively, falsely accused him of selling his pain medication to other prisoners . . . ." (Compl. ¶ 1, docket #1, Page ID#4.) As a result, Plaintiff's pain medication now is being crushed and diluted with water. Plaintiff contends that "defendants Bauman, John/Jane Doe #1 and John/Jane Doe #2 knowingly and deliberately placing [sic] plaintiff's life in danger by crushing and watering down prescribed pain medication (Ultram) based on an unsubstantiated assertion that plaintiff sold the Ultram to another prisoner." (Compl. ¶ 2, Page ID#4.) Plaintiff filed numerous grievances concerning the issue, but his grievances and grievance appeals were denied or rejected. Plaintiff further alleges that "defendants, jointly and severally, conspired to deprive the plaintiff of adequate medical care and treatment, causing the plaintiff to languish needlessly in pain for an extended period of time." (Compl. ¶ 7, Page ID#5.)

Plaintiff's only other specific allegations against the named Defendants concern an incident involving Defendant Officers Kurth and Palomola. Plaintiff claims that on January 27, 2013, while he was waiting in line for his restricted pain medication, he asked the nurse about the policy concerning the crushing of prescribed medication. At the time, Defendants Kurth and Palomola allegedly "commenced a racially motivated verbal assault upon Plaintiff." (Compl. ¶ 13, Page ID#5.)

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

**Discussion**

I. Immunity

Plaintiff sues the MDOC Bureau of Health Care Services. Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). This immunity extends to the various bureaus and divisions within the MDOC, including the Bureau of Health Services. In addition, the State of Michigan (acting through the Michigan Department of

Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss the MDOC Bureau of Health Care Services.

      II.      <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations implicate his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate

must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In his complaint, Plaintiff alleges that Defendants Bauman, John/Jane Doe #1 and John/Jane Doe #2 have placed his life in danger by crushing and diluting his pain medication. Plaintiff claims that he is suffering adverse side effects from having his medication delivered in that manner, although he does not describe them in his complaint. Nevertheless, under the liberal pleading standard applied to prisoner complaints, *Haines*, 404 U.S. at 520, Plaintiff's allegations are sufficient to warrant service of the complaint against Defendant Bauman. Since Plaintiff has failed to provide sufficient information to effectuate service against John/Jane Doe #1 and John/Jane Doe #2, those defendants will be dismissed without prejudice.

Plaintiff, however, fails to state a claim against Defendants Kurth and Palomola for alleged verbal harassment. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept.

5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants Kurth and Palomola arising from the alleged verbal abuse.

With regard to the remaining Defendants, Plaintiff makes only general assertions that they conspired to deny him medical treatment. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555. Plaintiff does make any specific factual allegations in the complaint against Defendants Berhane, Larsen, Kimsel, Parala, McTier, Lamb, Car, Carsen, Berges, Scott, or Kurtcher. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any

degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Because Plaintiff fails to even mention Defendants Berhane, Larsen, Kimsel, Parala, McTier, Lamb, Car, Carsen, Berges, Scott, or Kurtcher in the body of his complaint, they will be dismissed for failure to state a claim.[1]

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Berhane; Larsen; Kimsel; McTier; Car; Carsen; Berges; Scott; Kurtcher; Kurth; Palomola; Parala; Lamb; and the MDOC Bureau of Health Care Services will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). John/Jane Doe #1 and John/Jane Doe #2 will be dismissed without prejudice. The Court will serve Plaintiff's Eighth Amendment claim against Defendant Bauman.

An Order consistent with this Opinion will be entered.

Dated: 9/10/2013        /s/ R. Allan Edgar
                        R. Allan Edgar
                        United States District Judge

---

[1] The Court further notes that Plaintiff may not maintain an Section 1983 action against a prison official because he or she denied or rejected a grievance, or failed to failed to conduct an investigation in response to his grievances. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).